UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES A. BRENSON, JR.,**

        **Petitioner,**

   v.                           Case No. 2:22-cv-1416
                                  Judge Edmund A. Sargus, Jr.
**WARDEN, RICHLAND**           Magistrate Judge Kimberly A. Jolson
**CORRECTIONAL INSTITUTION,**

        **Respondent.**

## OPINION AND ORDER

Petitioner, a state prisoner proceeding without the assistance of counsel, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. For the reasons that follow, the Undersigned concludes that the Petition is a second or successive petition under 28 U.S.C. § 2244(b) and must be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

In 2008, Petitioner was sentenced to an aggregate of 30 years to life in prison by the Common Pleas Court of Delaware County, Ohio. (Petition, Doc. 1, PageID 1). *See also State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2010-Ohio-4645, 2010 WL 3784890 (Sept. 28, 2010) (later procedural history omitted). As Petitioner acknowledges, he has already filed—and this Court has already resolved—a petition for a writ of habeas corpus filed under § 2254. (Doc. 1, PageID 13). *See Brenson v. Warden, Toledo Corr. Inst.*, No. 2:11-cv-1146, 2015 WL 4932824, at *5 (S.D. Ohio Aug. 19, 2015) (dismissing the first petition on the merits). The Sixth Circuit affirmed. *Brenson v. Coleman*, 680 F. App'x 405 (6th Cir. 2017). The United States Supreme

Court declined to review the case further. *Brenson v. Marquis*, 138 S. Ct. 114 (2017), *rehearing denied,* 138 S. Ct. 1044 (2018).

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). "But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing 28 U.S.C. § 2244(b)(3)(C)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Notably, the District Court lacks jurisdiction to consider a second or successive petition filed without authorization and must transfer such a petition to the Court of Appeals for the Sixth Circuit for consideration. *Franklin v. Jenkins*, 839 F.3d 465, 475 (6th Cir. 2016); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*); 28 U.S.C. § 1631.

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 140 S. Ct. at 1705. Still, as a general rule, a petition targeting the same state court judgment challenged by a prior petition is second or successive. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The relevant "judgment" for these purposes is the sentencing judgment. *See Id.* at 156 (quoting *Berman v. United States,* 302 U.S. 211, 212 (1937)) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Here, that judgment is Petitioner's 2008 sentence of 30 years to life in prison. (Petition, Doc. 1, PageID 1).

Petitioner challenges the same judgment and sentence in his new Petition that he challenged in his first petition. His Petition here identifies "the judgment of conviction you are challenging" as the Delaware County judgment entered in 2008 in Case No. 08-CR-I-04-207. (Doc. 1, PageID 1 in Case No. 2:22-cv-1416). His previous petition also challenged a 2008 Delaware County judgment sentencing him to 30 years to life in prison. (Doc. 2, PageID 2 in Case No. 2:11-cv-1146 (identifying Case No. 08 CR 1 04 0207 A)). The docket of the Delaware County case reflects that there has only been one sentencing held in that case, and it occurred in 2008.[1]

In his new Petition, Petitioner attempts to bring to this Court information about a "new pathology report" concerning the victim's time of death that allegedly shows it was impossible for Petitioner to have committed the crimes for which he is imprisoned. (Doc. 1, PageID 6; Doc. 1-5, PageID 142-144). On this basis, Petitioner raises two grounds for relief expressly directed to his conviction and sentence. (Doc. 1). He argues that his "trial counsel was ineffective for failing to investigate, and procure an expert witness regarding the timing of [the victim's] death." (Doc. 1, PageID 8). He also argues that "[p]rosecutorial misconduct denied [him] due process of law and [a] fair trial" where the "prosecution encouraged Dr. Dean [the government's pathologist] to testify

---

[1] The Delaware County Common Pleas Court case docket is available by name or case number search at https://court.co.delaware.oh.us/eservices/home.page.12 (accessed Mar. 28, 2022). Brenson was sentenced in 2008, but Ohio's Fifth District Court of Appeals held that the judgment entry was not a final appealable order. (Doc. 11-1 in Case No. 2:11-cv-1146, PageID 592). The Delaware County Court issued a "Nunc Pro Tunc Judgment Entry of Sentence" on February 5, 2009. (*Id.* at PageID 592-595; Delaware County case docket). Brenson appealed this judgment entry. *State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2010-Ohio-4645, 2010 WL 3784890 (Sept. 28, 2010).

It appears that, in 2011, the matter was remanded to the trial court for re-sentencing. *See State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2011-Ohio-1880, 2011 WL 1466458, ¶ 31 (April 15, 2011) ("the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part and this matter is remanded for proceedings in accordance with our opinion and the law."). *See also Brenson v. Warden, Toledo Corr. Inst.*, No. 2:11-cv-1146, 2015 WL 422827, at *5 (S.D. Ohio Feb. 2, 2015) (report and recommendation) ("Pursuant to the remand from the Ohio Supreme Court, the state appellate court held that Petitioner's convictions on aggravated robbery should have been merged and remanded the case to the trial court for re-sentencing."). Yet, it does not appear that re-sentencing has occurred. *See* Delaware County case docket. The Petition here does not indicate that Petitioner has been resentenced and in fact suggests the opposite. (*See* July 2021 State Court Appellate Brief attached to Petition, Doc. 1-4, PageID 106 (noting that "[t]o date, Brenson has not been resentenced.")). Notably, Brenson does not complain that his resentencing has not yet occurred.

3

to issues not recorded in her written report . . . ." (Doc 1, PageID 9). Both of these issues relate to the trial that resulted in Petitioner's guilty verdicts, convictions, and sentence. These grounds for relief are, as the Petition indicates, directed to the 2008 Delaware County Judgment. (Doc. 1, PageID 1).

Petitioner raises two additional grounds for relief ostensibly directed to the trial court's denial, in 2021, of his post-trial motion. Petitioner says that he was denied due process when the trial court recast his "irregular" motion for a new trial (raising the new pathology report) as a post-conviction petition. (Doc. 1, PageID 6, 11, 21-27). But the *denial* of his motion, however construed, did not result in a new sentence or "new judgment" that Petitioner can challenge without satisfying the requirements of § 2244(b).

"When courts engage in a full resentencing, the resulting sentence is a new 'judgment[.]'" *Freeman v. Wainwright,* 959 F.3d 226, 229 (6th Cir. 2020) (citing *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015)). More specifically, "[a] new, worse-than-before sentence . . . amounts to a new judgment." *Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016) (citing *Burton*, 549 U.S. at 156-57). A "new judgment" can be challenged "without clearing the second-or-successive hurdles" in § 2244. *King*, 807 F.3d at 159; *see also In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

There is no "new judgment" here. Rather, the original judgment—Petitioner's 2008 sentence—"remain[s] in effect." *Smith v. Warden, Lebanon Corr. Inst.*, No. 1:16-cv-998, 2016 WL 6790800, at *3 (S.D. Ohio Oct. 27, 2016), *report and recommendation adopted,* 2016 WL 6806251 (S.D. Ohio Nov. 16, 2016) (transferring successive petition to the Sixth Circuit after finding it "clear that no 'new judgment' ha[d] been entered by the state courts" where petitioner's subsequent attack on his conviction was *denied*), *authorization denied sub nom. In re Smith,* No.

4

16-4310 (Apr. 20, 2017). *See also Grant v. Warden, Belmont Corr. Inst.*, No. 1:14-cv-878, 2017 WL 3503728, at *6 (S.D. Ohio July 24, 2017), *report and recommendation adopted*, 2017 WL 3492983 (S.D. Ohio Aug. 15, 2017) (the *denial* of petitioner's motion to correct sentence did not result in a "new judgment" in the context of a second or successive petition); *Parrott v. Warden, London Corr. Inst.*, No. 1:16-cv-382, 2016 WL 7106241, at *5 (S.D. Ohio Dec. 5, 2016), *report and recommendation adopted*, 2017 WL 118029 (S.D. Ohio Jan. 11, 2017) (holding that the *denial* of petitioner's motion to merge sentences did not result in a "new judgment" in this context and transferring the successive petition to the Sixth Circuit), *authorization denied sub nom. In re Parrott,* No. 17-3036 (Aug. 17, 2017).

Petitioner is still being held by the State of Ohio on the same 2008 judgment that he challenged in his previous petition. (Doc. 1, PageID 1). *See Ramirez v. Warden, Chillicothe Corr. Inst.*, No. 1:21-cv-324, 2022 WL 394380, at *6 (S.D. Ohio Feb. 9, 2022) (report and recommendation) ("[T]he Ohio courts' decisions on petitioner's post-conviction petition did not result in a new judgment. To the contrary, the Ohio courts denied petitioner relief and left his judgment intact."). In other words, Petitioner is still challenging his intact 2008 sentence, which is the same judgment he challenged in his previous petition.

A state prisoner is not afforded an additional opportunity to seek federal habeas relief every time he or she is *denied* relief in state court. *See Springer v. Warren Corr. Inst.*, No. 1:15-cv-436, 2016 WL 270306, at *4 (S.D. Ohio Jan. 21, 2016), *report and recommendation adopted*, 2016 WL 878464 (S.D. Ohio Mar. 8, 2016) (distinguishing cases in which a resentencing hearing is *granted* from the situation when a motion challenging the conviction and sentence is *denied*, and finding in the latter situation that there was no "new judgment"); *Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (noting that second petitions may not be successive "when the second action challenges a judgment or portion of a judgment that arose as a result of a previous *successful*

5

action") (emphasis added). Allowing a new federal habeas petition to be filed after every denial in state court would run counter the purposes of § 2244(b)'s restrictions, which are, among other things, to "conserve judicial resources, reduc[e] piecemeal litigation," and "lend[ ] finality to state court judgments within a reasonable time." *Banister*, 140 S. Ct. at 1706 (quoting *Panetti v. Quarterman*, 551 U.S. 930, 946 (2007). Instead, "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction." *Id.* at 1702. Petitioner has already had this opportunity.

Petitioner acknowledges this fact. (Doc. 1, PageID 14-15). Nonetheless, he argues that the Court has jurisdiction to hear this Petition because he is presenting proof of actual innocence. (Doc. 1, PageID 14-15, 17-18). But claims of actual innocence do not confer jurisdiction on the District Court; instead, Petitioner must present his claims to the Court of Appeals and obtain permission to proceed first. *See Boczkowski v. Gilmore*, No. CV 20-312, 2020 WL 1911407, at *1 (W.D. Pa. Apr. 20, 2020) (finding that a similar argument "misses the point," as "[i]t is to the United States Court of Appeals . . . that Petitioner must present any such evidence of actual innocence in the first instance and receive from that Court permission to file a second or successive Petition in this [District] Court"); *Morris v. Hill*, No. 12-6953, 2012 WL 6675547, at *1 (C.D. Cal. Aug. 16, 2012), *report and recommendation adopted sub nom. Morris v. Sanders*, 2012 WL 6675446 (C.D. Cal. Dec. 20, 2012), *aff'd sub nom. Morris v. Hill*, 596 F. App'x 590 (9th Cir. 2015) (rejecting petitioner's argument that his "alleged actual innocence 'exempts' Petitioner from the procedural requirements for second or successive petitions, including the statutory obligation to obtain [Court of Appeals] authorization to file a second or successive petition"); *Johnson v. Wynder*, 408 F. App'x 616 (3d Cir. 2010) (holding that petitioner's argument of actual innocence raised in a second petition had to be directed to the Court of Appeals for authorization under §

2244); *Montgomery v. Bagley*, No. 3:00-cv-7298, 2019 WL 4813004, at *3-4 (N.D. Ohio Oct. 1, 2019) (finding that a claim of actual innocence raised in what was functionally a second petition must be directed to the Sixth Circuit).

Petitioner also argues that his claims about the denial of his post-trial motion were previously not ripe. (Doc. 1, PageID 15). It is true that "a petition is not second or successive when it raises a claim that was unripe for review when the first habeas petition was filed." *In re Tibbetts*, 869 F.3d 403, 406 (6th Cir. 2017) (citing *Panetti*, 551 U.S. at 945-47). "A claim is unripe when 'the events giving rise to the claim had not yet occurred.'" *Id*. (citing *In re Jones*, 652 F.3d 603, 605 (6th Cir. 2010)). Petitioner suggests here that his claims were not ripe because he did not have the new evidence on which his post-trial motion relied, i.e., the new pathology report, when he filed his first petition. (Doc. 1, PageID 15).

This Court has rejected a similar argument. In *Webb v. Jenkins*, the petitioner argued that he could not have raised the issues in his second petition because his new claims were based on evidence he did not previous have. No. 1:16-cv-266, 2016 U.S. Dist. LEXIS 111673, at *12 (S.D. Ohio Aug. 17, 2016) (Watson, D.J.). He pointed to "current science" that undermined "testimony about the origin of [a] fire by a fire chief who was unqualified to render such an opinion[.]" *Id.* at *7-8. He suggested that his second petition "was not successive because it stems—not from the 1991 judgment convicting him of aggravated murder and sentencing him to death—but from the 2013 state trial court judgment denying his motion for a new trial." *Id.*, at *8.

This Court held that Webb's petition was second and successive. *Id.*, at *16-17. The Court distinguished "between claims that were not ripe, not exhausted, or not available; and claims that are based on a factual predicate that was not previously discovered or discoverable," finding that "§ 2244(b)(2)(B) expressly speaks to the latter and deems them successive." *Id.*, at *12-13. The

7

Sixth Circuit agreed. *In re Webb,* No. 16-3943 (Oct. 13, 2016) ("[W]e conclude that the district court correctly transferred Webb's petition to this Court because it is an attempt to file a successive § 2254 petition.").

The Sixth Circuit has also directly rejected an argument similar to Petitioner's argument here. In *In re Wogenstahl*, the petitioner sought to raise in a subsequent habeas corpus petition a new letter from the Department of Justice that undermined the testimony of a prosecution witness. 902 F.3d 621, 625-26, (6th Cir. 2018). The subsequent petition was found to be second and successive and transferred to the Sixth Circuit. *Id*. at 626.

The Sixth Circuit held that the petitioner's "claims were not unripe at the time he filed his initial petition because the purported *Brady* violations and defense counsel's alleged ineffectiveness—the predicates underlying [the petitioner's] current claims—had already occurred when he filed his petition, although [he] was unaware of these facts[.]" *Id.* at 627-628 (citing *Jones*, 652 F.3d at 604-05). "Furthermore, he relie[d] on facts that he only recently discovered." *Id*. at 628 (citing § 2244(b)(2)(B)(i)). The Sixth Circuit concluded that the petition was second or successive, and "must therefore pass through the gatekeeping mechanism of § 2244(b)(2)(B)." *Id*.

Similarly here, the factual predicate underlying Petitioner's new Petition—that allegedly there was an error at trial with respect to the time of the victim's death—had already occurred when Petitioner filed his first petition. Although he had only recently discovered it, as in *Wogenstahl*, his Petition is second and successive and he must obtain authorization from the Sixth Circuit to proceed.

Finally, Petitioner submits that the factors laid out in § 2244(b)(2)(B) (i) and (ii) are met. (Doc. 1, PageID 14-15). That part of the statute provides:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
> . . .

8

>**(B)(i)** the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>**(ii)** the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). But these factors too must first be presented to the Court of Appeals, rather than the District Court. 28 U.S.C. § 2244(b)(3); *Banister,* 140 S. Ct. at 1704 ("a prisoner must first obtain leave from *the court of appeals* based on a "prima facie showing" that his petition satisfies the statute's gatekeeping requirements" in § 2244(b)) (emphasis added).

This Court's task is to determine in the first instance whether the Petition is second or successive. *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). Because the Undersigned has concluded that it is, the Court lacks jurisdiction to proceed.

Accordingly, this matter is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.

IT IS SO ORDERED.

Date: April 4, 2022

/s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE