UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES A. BRENSON, JR.,

    Petitioner,

v.

WARDEN, RICHLAND
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:22-cv-1416
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding without the assistance of counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). It was his second habeas petition filed in this Court, and on April 4, 2022, this Court transferred it to the United States Court of Appeals for the Sixth Circuit as a "second or successive" petition under 28 U.S.C. § 2244(b).[1] (Doc. 5).

The Sixth Circuit remanded the matter to this Court with instructions to consider whether intervening circumstances in Petitioner's state trial court case changed this Court's determination that the Petition was second or successive. *See In re: James Brenson, Jr.,* Case No. 22-2396 (Order, Aug. 25, 2022). (Doc. 8).

The Undersigned concludes that the Petition should be considered second-in-time, not second and successive, given a newly issued trial court judgment. However, Petitioner has not yet exhausted his remedies with respect to that new judgment. His Petition is therefore now unexhausted, and should be dismissed without prejudice to re-filing.

---

[1] Petitioner filed an "Objection to Transfer," which remains pending on this Court's docket. (Doc. 7). In light of the Sixth Circuit's remand, the Undersigned suggests that the Objection is moot.

I.      **Procedural Posture**

As noted in the previous Opinion and Order:

> In 2008, Petitioner was sentenced to an aggregate of 30 years to life in prison by the Common Pleas Court of Delaware County, Ohio. (Petition, Doc. 1, PageID 1). *See also State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2010-Ohio-4645, 2010 WL 3784890 (Sept. 28, 2010) (later procedural history omitted). As Petitioner acknowledges, he has already filed, and this Court has already resolved, a petition for a writ of habeas corpus filed under § 2254. (Doc. 1, PageID 13). *See Brenson v. Warden*, *Toledo Corr. Inst.*, No. 2:11-cv-1146, 2015 WL 4932824, at *5 (S.D. Ohio Aug. 19, 2015) (dismissing the first petition on the merits). The Sixth Circuit affirmed. *Brenson v. Coleman*, 680 F. App'x 405 (6th Cir. 2017). The United States Supreme Court declined to review the case further. *Brenson v. Marquis*, 138 S. Ct. 114 (2017), *rehearing denied,* 138 S. Ct. 1044 (2018).

(Doc. 5, PageID 188-189). Petitioner signed and submitted his second petition on February 28, 2022. (Doc. 1, PageID 16).

> Petitioner challenge[d] the same judgment and sentence in his new Petition that he challenged in his first petition. His Petition here identifies "the judgment of conviction you are challenging" as the Delaware County judgment entered in 2008 in Case No. 08-CR-I-04-207. (Doc. 1, PageID 1 in Case No. 2:22-cv-1416). His previous petition also challenged a 2008 Delaware County judgment sentencing him to 30 years to life in prison. (Doc. 2, PageID 2 in Case No. 2:11-cv-1146 (identifying Case No. 08 CR 1 04 0207 A)). The docket of the Delaware County case reflects that there has only been one sentencing held in that case, and it occurred in 2008.

(Doc. 5, PageID 190).

This Court mentioned in a footnote that a resentencing hearing had been ordered but not held in Petitioner's trial court case, saying:

> Brenson was sentenced in 2008, but Ohio's Fifth District Court of Appeals held that the judgment entry was not a final appealable order. (Doc. 11-1 in Case No. 2:11-cv-1146, PageID 592). The Delaware County Court issued a "Nunc Pro Tunc Judgment Entry of Sentence" on February 5, 2009. (*Id*. at PageID 592-595; Delaware County case docket). Brenson appealed this judgment entry. *State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2010-Ohio-4645, 2010 WL 3784890 (Sept. 28, 2010).

> It appears that, **in 2011, the matter was remanded to the trial court for re-sentencing.** *See State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2011-Ohio-1880, 2011 WL 1466458, ¶ 31 (April 15, 2011) ("the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part and this matter is remanded for proceedings in accordance with our opinion and the law."). *See also Brenson v. Warden, Toledo Corr. Inst.*, No. 2:11-cv-1146, 2015 WL 422827, at *5 (S.D. Ohio Feb. 2, 2015) (report and recommendation) ("Pursuant to the remand from the Ohio Supreme Court, the state appellate court held that Petitioner's convictions on aggravated robbery should have been merged and remanded the case to the trial court for re-sentencing."). **Yet, it does not appear that re-sentencing has occurred.** *See* Delaware County case docket. The Petition here does not indicate that Petitioner has been resentenced and in fact suggests the opposite. (*See* July 2021 State Court Appellate Brief attached to Petition, Doc. 1-4, PageID 106 (noting that "[t]o date, Brenson has not been resentenced.")). Notably, Brenson does not complain that his resentencing has not yet occurred.

(Doc. 5, PageID 190, n.1) (emphasis added).

Because there was no new judgment, such as a judgment after re-sentencing, and because the second Petition was challenging the same judgment as the first petition, this Court concluded that the second Petition was "second or successive" and that this Court therefore lacked jurisdiction to consider it. (Doc. 5, PageID 191-192, 195). The matter was then transferred to the Sixth Circuit pursuant to 28 U.S.C. § 2244(B) and 28 U.S.C. § 1631.

The Sixth Circuit remanded the matter, based on a new fact presented in Petitioner's filings to that Court:

> Upon review, we conclude that a remand to the district court is warranted because it appears that, **in June 2022, after the district court transferred the case to this court, the trial court resentenced Brenson in response to the state appellate court's 2011 remand order**. (That resentencing may allow Brenson to proceed with his proposed habeas petition without satisfying the requirements for filing a second or successive petition. *See* 28 U.S.C. § 2244(b); *Freeman v. Wainwright*, 959 F.3d 226, 229-30 (6th Cir. 2020), cert. denied, 141 S. Ct. 1056 (2021); *Crangle v. Kelly*, 838 F.3d 673, 677-78 (6th Cir. 2016) (per curiam). Thus, on remand, the district court should determine the nature of the resentencing and reconsider whether Brenson's proposed petition is second or successive.

3

(Doc. 8, PageID 203). *See also Supplemental Pleading*, Doc. 16-1, page 4, *In re: Brenson*, 6th Cir. No. 22-3296) (noting that "petitioner was sent back to Delaware Court of Common Pleas, June 15, 2022 for re-sentencing."). Indeed, the online record of Petitioner's trial court case reflects that the Delaware County Common Pleas Court finally conducted the resentencing hearing the Court of Appeals ordered in 2011. *See State v. Brenson*, 5th Dist. Delaware No. 09-CA-18, 2011-Ohio-1880, 2011 WL 1466458, ¶ 31 (April 15, 2011). The result, the "Judgment Entry of Prison Sentence," was journalized by the Delaware County Court on June 15, 2022. It said:

> On June 14, 2022, upon remand, the Defendant's resentencing hearing was held pursuant to R.C. 2929.19. The Defendant was present in Court and was represented by Chief Public Defender Carlos Crawford. The State of Ohio was represented by Chief Criminal Assistant Prosecuting Attorney Mark Sleeper. The Defendant was afforded all rights pursuant to Crim.R. 32.

*See State v. James A. Brenson, Jr.*, Case No. 08 CR I 04 0207 A, available by name or case number search at https://court.co.delaware.oh.us/eservices/home.page.12 (accessed Sep. 13, 2022). After his convictions were merged, and the state elected the counts on which counts to proceed, Petitioner was resentenced to essentially the same length of time in prison. (June 15, 2022 Judgment Entry of Prison Sentence).

Petitioner appealed the new judgment, and that appeal is currently pending. (*See* Notice of Appeal, July 1, 2022 in Case No. 08 CR I 04 0207 A, instituting Appellate Case No. 22 CAA 06 0054 in Ohio's Fifth District Court of Appeals). This Court takes judicial notice of these records. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (federal courts may take judicial notice of court records that are available online to members of the public).

This review followed the Sixth Circuit's remand.

## II. The Petition is Second-in-Time, but Not "Second or Successive"

"Federal law generally gives habeas petitioners one shot to pursue their claims in federal court." *In re Stansell*, 828 F.3d 412, 413 (6th Cir. 2016). "But after that, the road gets rockier. To file a second or successive application in a district court, a prisoner must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies the statute's gatekeeping requirements." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing 28 U.S.C. § 2244(b)(3)(C)); *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010); Rule 9 of the Rules Governing Section 2254 Cases in the United States District Courts ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Not all habeas corpus petitions filed second (or later) in time are "second or successive" within the meaning of § 2244(b). *Banister*, 140 S. Ct. at 1705. However, as a general rule, a petition targeting the same state court judgment challenged by a prior petition is second or successive. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). The relevant "judgment" for these purposes is the sentencing judgment. *See Burton*, 549 U.S. at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)) ("Final judgment in a criminal case means sentence. The sentence is the judgment."). Here, when Petitioner initially filed his Petition, he was held under 2008 sentencing judgment that was revised nunc pro tunc in 2009. (*See* Petition, Doc. 1, PageID 1; Doc. 11-1 in Case No. 2:11-cv-1146, PageID 592-595). He is now being held under the new 2022 sentencing judgment.

The Sixth Circuit has held that "[w]hen courts engage in a full resentencing, the resulting sentence is a new 'judgment[.]'" *Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020) (citing *King v. Morgan*, 807 F.3d 154, 156 (6th Cir. 2015)). A "new judgment" can be challenged in

5

habeas corpus proceedings "without clearing the second-or-successive hurdles" described in § 2244. *King*, 807 F.3d at 159. In other words, "[i]f an individual's petition is the first to challenge a particular state judgment—even if the applicant has previously filed other petitions challenging other judgments—the petition is not "'second or successive.'" *Stansell*, 828 F.3d at 415 (citing *Magwood*, 561 U.S. at 331-33).

As directed by the Sixth Circuit, the Undersigned concludes that the sentencing conducted in Petitioner's state trial court case was a "full resentencing" and resulted in a "new judgment." As noted, the resentencing followed Ohio's Fifth District Court of Appeals' decision affirming Petitioner's convictions, but remanding for further proceeding with respect to his sentences. That court said:

> [W]e remand this case to the trial court for further proceedings consistent with that opinion. This decision in no way affects the guilty verdicts issued by the jury. It only affects the entry of conviction and sentence. Appellant's convictions are affirmed.
>
> For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part, reversed in part and this matter is remanded for proceedings in accordance with our opinion and the law.

*State v. Brenson*, 2011-Ohio-1880, ¶¶ 30-31. The reason for remand was an intervening change in Ohio's allied-offenses jurisprudence. *Id.* at ¶¶ 4-7; *State v. Brenson*, 128 Ohio St. 3d 396, 2011-Ohio-1425, 944 N.E.2d 1172, ¶ 2.

The Court of Appeals concluded that "the trial court should have merged the two aggravated murder counts and imposed only a single sentence"; that the "trial court should have merged appellant's conviction for aggravated robbery, R.C. 2911.01(A) and for kidnapping, R.C. 2905.01(A) for sentencing purposes"; that "the trial court should have merged appellant's convictions for kidnapping pursuant to R.C. 2905.01(A)(2) and (3) for sentencing"; and that "the

6

trial court should have merged appellant's convictions for aggravated robbery, R.C. 2911.01(A)(1), and (A)(3) for sentencing." *Brenson*, 2011-Ohio-1880, ¶¶ 11, 21, 29.

The trial court appears to have done so in the 2022 Judgment Entry of Prison Sentence. This new judgment was issued after a resentencing hearing attended by Petitioner and his counsel (and others) and where he "was afforded all rights pursuant to [Ohio] Crim.R. 32." The Undersigned therefore concludes for these purposes that this was a "full resentencing" and resulted in a "new judgment." *See Freeman*, 959 F.3d at 231 ("Under *King*, any full resentencing creates a new judgment for AEDPA purposes."). The instant case, Petitioner's first habeas corpus challenge to the new judgment is not "second or successive" as described in 28 U.S.C. § 2244(b). It is second-in-time, and this Court has jurisdiction to review it.

### III. Preliminary Review of the Petition

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires this Court to conduct a preliminary review of all filed habeas corpus petitions. The Court must determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id*. If it does so appear, the petition must be dismissed. *Id*.; *see also Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021) (quoting *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)) ("Under [28 U.S.C.] § 2243, a federal court may immediately dismiss a petition if it concludes that 'the petition is frivolous, or obviously lacking in merit' on its face.").

"Federal courts generally cannot grant habeas relief unless 'the applicant has exhausted the remedies available in the courts of the State.'" *Pillow*, 852 F. App'x at 990 (quoting 28 U.S.C. § 2254(b)(1)(A)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). If a petitioner still has an avenue open to present the claims, then the petition is subject to dismissal for failure to exhaust state remedies. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citing *Picard v.*

7

*Connor*, 404 U.S. 270, 275-78 (1971)). "The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner still has, and is currently pursuing, a direct appeal from his new sentencing judgment. It is unknown whether he will (or can) address in that appeal the issues he raises in his new Petition. It is unknown how the state courts will resolve the issues he does raise. But the avenue—a direct appeal—is still open to Petitioner. Thus, the Undersigned concludes that the Petition is unexhausted.

An unexhausted habeas corpus petition should be dismissed without prejudice to refiling once the claims are exhausted. *See Townsend v. Foley*, No. 1:20-cv-0420, 2020 WL 3547769, at *2 (N.D. Ohio June 30, 2020) (dismissing petition without prejudice on initial review where petitioner's direct appeal was pending); *Tigue v. Smith*, No. 6:17-cv-230, 2018 WL 3398108, at *2-3 (E.D. Ky. July 12, 2018) (dismissing petition on initial review for lack of exhaustion where petitioner acknowledged that his direct appeal was still pending). Accordingly, the Undersigned **RECOMMENDS** that this Court **DISMISS** the Petition in this case **WITHOUT PREJUDICE** to refiling once state court remedies are exhausted.

### IV.     Certificate of Appealability

A state prisoner seeking federal habeas corpus relief is not automatically entitled to appeal a district court's decision denying relief unless the district court issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c). A district court should issue or deny a COA "when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts.

To be entitled to a COA, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner

or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). The Sixth Circuit has also cautioned that "a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

"When a district court denies a claim on procedural grounds, the court may issue a COA only if the applicant shows 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Hill v. Bauman*, No. 20-1091, 2020 WL 4346669, at *1 (6th Cir. May 21, 2020) (quoting *Slack*, 529 U.S. at 484).

Here, reasonable jurists could not debate that the Petition is unexhausted. A certificate of appealability, therefore, should be **DENIED.**

## V.     Conclusion and Recommended Disposition

On remand from the Sixth Circuit, the undersigned Magistrate Judge **CONCLUDES** that the Petition is second-in-time, but not "second or successive" under 28 U.S.C. § 2244(B). This Court, therefore, has jurisdiction to review it. Petitioner's request to set a briefing schedule to address this question (Doc. 11) is **DENIED** as moot.

The Petition is unexhausted, as Petitioner is currently pursuing a direct appeal from the "new judgment" issued in the state trial court. The Undersigned therefore **RECOMMENDS** that this Court **DISMISS** the Petition **WITHOUT PREJUDICE** to refiling once state court remedies are exhausted. The Undersigned **DENIES** Petitioner's motions to appoint counsel to assist him in this case. (Doc. 4, 11).

The Undersigned further **RECOMMENDS** that the Court **DENY** a certificate of appealability.

**VI.** **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN (14) DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b); Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


Dated: September 16, 2022      /s/Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE