UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JAMES A. BRENSON, JR.,**

       **Petitioner,**                                   **Case No. 2:22-cv-1416**
                                                              **Judge Edmund A. Sargus, Jr.**
**v.**                                                              **Magistrate Judge Kimberly A. Jolson**

**WARDEN, RICHLAND**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

**OPINION AND ORDER**

This matter is before the Court on Petitioner's Objection (ECF No. 13) to the Magistrate Judge's Report and Recommendation (ECF No. 12). For the reasons set forth below, the Court **OVERRULES** Petitioner's Objection, **ADOPTS** the Report and Recommendation, and **DISMISSES** this case **WITHOUT PREJUDICE**.

**I.**

Petitioner, a state prisoner proceeding without the assistance of counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1.) It was his second habeas petition filed in this Court, and on April 4, 2022, the Magistrate Judge transferred it to the United States Court of Appeals for the Sixth Circuit as a "second or successive" petition under 28 U.S.C. § 2244(b). (ECF No. 5.)

The Sixth Circuit remanded the matter to this Court with instructions to consider whether intervening circumstances in Petitioner's state trial court case changed the Magistrate Judge's determination that the Petition was second or successive. *See In re: James Brenson, Jr.,* Case No. 22-2396 (Order, Aug. 25, 2022). (ECF No. 8.)

On September 16, 2022, the Magistrate Judge issued a Report and Recommendation (ECF No. 12), in which she concluded that, based on a newly issued trial court judgment, the Petition should be considered second-in-time, not second and successive. She also concluded, however, that Petitioner has not yet exhausted his remedies with respect to that new judgment. The Magistrate Judge, therefore, recommended the Petition should be dismissed without prejudice to re-filing. On September 30, 2022, the Petitioner timely objected to the Report and Recommendation.

## II.

The Petitioner filed an Objection to the Magistrate Judge's determination that he failed to exhaust. Petitioner does not disagree that his petition is not second or successive, but rather, it was filed second in time, providing this Court jurisdiction to review it. Nor does this Court.

The Magistrate Judge correctly explained:

> The Court of Appeals concluded that "the trial court should have merged the two aggravated murder counts and imposed only a single sentence"; that the "trial court should have merged appellant's conviction for aggravated robbery, R.C. 2911.01(A) and for kidnapping, R.C. 2905.01(A) for sentencing purposes"; that "the trial court should have merged appellant's convictions for kidnapping pursuant to R.C. 2905.01(A)(2) and (3) for sentencing"; and that "the trial court should have merged appellant's convictions for aggravated robbery, R.C. 2911.01(A)(1), and (A)(3) for sentencing." *Brenson*, 2011-Ohio-1880, ¶¶ 11, 21, 29.
>
> The trial court appears to have done so in the 2022 Judgment Entry of Prison Sentence. This new judgment was issued after a resentencing hearing attended by Petitioner and his counsel (and others) and where he "was afforded all rights pursuant to [Ohio] Crim.R. 32." The Undersigned therefore concludes for these purposes that this was a "full resentencing" and resulted in a "new judgment." *See Freeman*, 959 F.3d at 231 ("Under *King*, any full resentencing creates a new judgment for AEDPA purposes."). The instant case, Petitioner's first habeas corpus challenge to the new judgment is not "second or successive" as described in 28 U.S.C. § 2244(b). It is second-in-time, and this Court has jurisdiction to review it.

(Rep. and Recommendation at 7–8, ECF No. 12.)

2

Petitioner also acknowledges, and this Court confirms, that he appealed the new judgment and that appeal is currently pending. (*See* Notice of Appeal, July 1, 2022 in Case No. 08 CR I 04 0207 A, instituting Appellate Case No. 22 CAA 06 0054 in Ohio's Fifth District Court of Appeals). This Court takes judicial notice of these records. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (federal courts may take judicial notice of court records that are available online to members of the public).

Regardless of his currently pending appeal before an Ohio appellate court, Petitioner argues that he should be permitted to maintain the habeas petition because it contains only exhausted claims, he has health issues, and the cost of filing the current petition will be doubled if he has to re-file after exhaustion. However, as the Magistrate Judge correctly explained in her Report and Recommendation, it is unknown what result will come from Petitioner's pursuit of exhaustion:

> Here, Petitioner still has, and is currently pursuing, a direct appeal from his new sentencing judgment. It is unknown whether he will (or can) address in that appeal the issues he raises in his new Petition. It is unknown how the state courts will resolve the issues he does raise. But the avenue—a direct appeal—is still open to Petitioner. Thus, the Undersigned concludes that the Petition is unexhausted.

(Rep. and Recommendation at 8, ECF No. 12.)

This Court agrees with the Magistrate Judge and notes that the law is clear that an application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted petitioner's state-court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the

equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

An unexhausted habeas corpus petition should be dismissed without prejudice to refiling once the claims are exhausted. *See Townsend v. Foley*, No. 1:20-cv-0420, 2020 WL 3547769, at *2 (N.D. Ohio June 30, 2020) (dismissing petition without prejudice on initial review where petitioner's direct appeal was pending); *Tigue v. Smith*, No. 6:17-cv-230, 2018 WL 3398108, at *2-3 (E.D. Ky. July 12, 2018) (dismissing petition on initial review for lack of exhaustion where petitioner acknowledged that his direct appeal was still pending).

Accordingly, this Court finds that the habeas petition must be dismissed without prejudice to refiling once the new judgment is exhausted.

### III.

Petitioner objects to the Magistrate Judge's recommendation that no certificate of appealability should issue. This Court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). *Murphy,* 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court herein adopts the Report and Recommendation and finds, for the reasons stated therein and in the instant decision, Petitioner's application will be dismissed without prejudice on the procedural ground of lack of exhaustion. Under *Slack,* 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

In the instant case, reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural grounds of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

### IV.

For the reasons set forth above, the Court **OVERRULES** Petitioner's Objection (ECF No. 13), **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 12), and **DISMISSES** this case **WITHOUT PREJUDICE**. The Clerk is **DIRECTED** to close this case.

    **IT IS SO ORDERED.**

**2/21/2023**                                                      s/Edmund A. Sargus, Jr.
**DATE**                                                        **EDMUND A. SARGUS, JR.**
                                                              **UNITED STATES DISTRICT JUDGE**